# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

    v.                                Case No. 10-00161-01-CR-W-DW

DAVID ALLEN (ALLAN) BELL,
a/k/a "Donte Borae,"

               Defendant.

## BINDING PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the parties described herein have entered into the binding plea agreement set out below, in which the parties agree, following pleas of guilty to the charges set out herein and after consideration by the parties of a number of factors,[1] to recommend the Court impose, as an appropriate and reasonable sentence in this case, a specific total sentence 15 MONTHS imprisonment, three (3) years of supervised release, no fine or restitution, and $200.00 in special assessments.

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Tammy Dickinson, United States Attorney, and Bruce Rhoades, Assistant

---

[1] Some of the factors considered: the length of time and degree of the defendant's involvement in any relevant criminal conduct; the length of time the defendant spent in custody pre-plea; the type and quantity of drugs involved; whether the defendant was involved with firearms or violence during the relevant criminal conduct; the degree of benefit the defendant derived from the relevant criminal conduct; the defendant's criminal history and its relevance to the relevant criminal conduct; acceptance of responsibility; the defendant's agreement herein to be bound to this sentence and not seek a departure or variance from it; defendant's waiver of pre-trial motions; and other agreements, restrictions, and waivers contained herein or presented *in-camera* to the Court.

United States Attorney, and the defendant, David A. Bell ("the defendant"), represented by David H. Johnson.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.**   The defendant agrees to and hereby does plead guilty to the lesser included charged contained within Count One and to Count Three of the Indictment charging the defendant with the following violations:

**Count One:**   21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846, that is, conspiracy to distribute a mixture or substance containing a detectable amount of marijuana;

**Count Three:**   18 U.S.C. §§ 1956 (a)(1)(A)(i) and (h), that is conspiracy to commit money laundering.

By entering into this plea agreement, the defendant admits that he knowingly committed these offenses, and is in fact guilty of these offenses.

3. **Factual Basis for Guilty Plea.**   The parties agree that the facts constituting the offenses to which the defendant is pleading guilty are as follows:

Between the dates charged in the indictment, Defendant Bell agreed with others to assist with having marijuana mailed from California to the Kansas City, Missouri, area in exchange for money deposited into certain bank accounts.   Those proceeds from those deliveries were then withdrawn in California for the benefit of Defendant Bell and partially used to further the conspiracy.

Defendant Bell arranged with co-conspirators in Kansas City to have marijuana delivered to them in Kansas City, Missouri, and for them to pay for it in cash, in an effort to conceal the nature of their activities.   Also, that United States Currency, in an effort to conceal such as drug proceeds, was deposited in staggered amounts in Kansas City, Missouri, into a Bank of America banking account.   Defendant Bell had access to that account in California and would use those funds to further the conspiracy in a number of ways but specifically by using part of those drug sale

proceeds to purchase additional amounts of marijuana to sell.

The defendant further acknowledges that while the information set out herein may not allege exact amounts of marijuana associated with him, he agrees that the amounts alleged herein, along with other statements and evidence in the case, total at least 25 kilos of marijuana for which he is responsible.

Additional evidence exists that may further implicate the defendant in this drug trafficking conspiracy. The defendant acknowledges that evidence may affect the ultimately determined United States Sentencing Guideline range of the defendant.

The defendant used or knew some of the proceeds obtained from defendant's marijuana sales and the sales of others in the conspiracy were used to pay living expenses, buy assets, and also to pay for additional marijuana to sell. The defendant acknowledges that he and the other co-defendants used cash to conceal the nature of their illegal activities.

The parties have agreed to a drug level in this plea agreement of *not less than* a drug level 16, plus a U.S.S.G. enhancement of two (2) levels as a result of defendant's guilty plea to Count Three of the indictment, the money laundering conspiracy. It is, however, understood by the parties that the pre-sentence investigation could produce a higher drug level of responsibility for the defendant based on the evidence in the case to date or that becomes known later. In the event a higher drug level is determined pursuant to the pre-sentence investigation, the parties are free to express their respective positions about that higher drug level at sentencing.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt and an advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3 (a)(2), even though this is a binding plea agreement. The defendant acknowledges, understands and agrees that the conduct charged in any dismissed counts of the indictment as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which defendant is pleading guilty.

5. **Statutory Penalties.** The defendant understands that upon pleading guilty to the lesser included charge contained within Count One of the indictment *now* charging the defendant with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846, that is, conspiracy to distribute a

mixture or substance containing marijuana, the maximum penalty the Court may impose is not more than twenty years imprisonment and not more than a $1,000,000.00 fine; and that the Court shall impose not less than three (3) years of supervised release. The defendant further understands that this offense is a Class C felony.

The defendant understands that upon pleading guilty to Count Three of the indictment, which charges the defendant with a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (h), that is, conspiracy to commit money laundering, the maximum penalty the Court may impose is not more than twenty (20) years imprisonment, not more than a $500,000.00 fine, and that the Court shall impose not more than three (3) years of supervised release. The defendant further understands that this offense is a Class C felony.

The defendant understands that for each count of conviction the Court shall impose a $100 mandatory special assessment which must be paid in full prior to sentencing in this case. Failure to timely pay said assessment can result in the Government seeking a continuance of the sentencing until it is paid OR, in the alternative, the Government can consider the failure to timely pay it as a violation of this plea agreement and seek to have this agreement voided.

**6. Sentencing Procedures.** The defendant acknowledges, understands and agrees to the following:

a. even though this is a binding plea agreement, the Court shall first determine the appropriate guideline sentence range by consulting and considering the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature;

b. in addition to imposing the binding sentence of 15 MONTHS imprisonment, the Court shall impose a term of supervised release of three (3) years, as agreed upon herein;

c. if the defendant violates a condition of supervised release, the Court may revoke that supervised release and impose an additional period of imprisonment without credit for time previously spent on supervised release. In

4

addition to a new term of imprisonment, the Court also may impose a new period of supervised release;

d.   the sentence of imprisonment imposed by the Court will not allow for parole;

e.   as long as the Court imposes the binding sentence recommended herein, the defendant may not withdraw this guilty plea solely because of the nature or length of the sentence imposed by the Court.

7.   **Government's Agreements.**   Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the charges defendant has pled to herein for which it has venue and which arose out of the defendant's conduct described above.   Also, the United States agrees to dismiss Count Two of the indictment following sentencing in this matter.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement and the limitations set out herein.   If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence.   The defendant expressly waives any right to challenge the initiation of the dismissed or additional charges against defendant if defendant breaches this agreement.   The defendant expressly waives any right to assert a statute of limitations defense if the dismissed or additional charges are initiated against defendant following a breach of this agreement.   The defendant further understands and agrees that if the Government elects to file additional charges against defendant following breach of this plea agreement, defendant will not be allowed to withdraw this guilty plea.

5

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of violence, or a conspiracy to commit any such acts of violence. It also does not foreclose prosecution of any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge. The defendant understands and agrees that if the Government files additional charges against defendant for one of these exceptions, defendant will not be allowed to withdraw this guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which defendant has pleaded guilty.

The United States may respond to comments made or positions taken by the defendant, defendant's counsel or anyone on defendant's behalf and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may only withdraw these pleas of guilty if the Court

rejects the binding plea agreement, imposes a sentence *other than* that recommended herein or if the defendant can show some other fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts defendant's pleas of guilty and the terms of this binding plea agreement and subsequently imposes the sentence that is as recommended herein, there will be little if any basis upon which he would be allowed to withdraw these pleas of guilty.

10. **<u>Agreed Guidelines Applications</u>.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a. While the Sentencing Guidelines do not bind the Court and are advisory in nature, the Court, must still calculate a USSG range, even if it accepts this binding plea agreement and agrees to impose the agreed sentence;

b. The applicable Guidelines section for the offense of conviction is U.S.S.G. § 2D1.1 which provide for *not less than* a base offense level 16, but the parties reserve the right to address at sentencing any different level determined by the pre-sentence or Court determines;

c. Other than the agreed upon two level enhancement for the money laundering conspiracy conviction, the parties recognize there might be other specific aggravating or mitigating U.S.S.G. applications applicable to this defendant, but the parties elect to address those at sentencing whether or not applied by the pre-sentence report or Court;

d. The defendant appears to have admitted his guilt and accepted responsibility for his actions, and by timely notifying authorities of the intention to enter a plea of guilty has thereby permitted the Government to avoid preparing for trial and permitted the Government and the Court to allocate their resources efficiently. Therefore, the defendant appears entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines and the Government, at the time of sentencing, will make a motion with the Court to that effect unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and any pretrial release orders; or (2) attempts to withdraw this guilty plea; or (3) violates the law; or (4) otherwise engages in conduct inconsistent with an acceptance of responsibility;

e. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

f.   The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels.   Additionally, while the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw this plea of guilty, failure of the Court to impose the recommended sentence will;

g.   The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum.   The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed, and waives any right to have those facts alleged in the indictment.   The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

h.   The defendant understands and agrees that the factual admissions contained in Paragraph 3 or other places within this plea agreement, and any admissions made during the defendant's plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

**11.   <u>Effect of Non-Agreement on Guidelines Applications.</u>**   The parties understand, acknowledge and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10, and its subsections.   As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12.   <u>Change in Guidelines Prior to Sentencing.</u>**   The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option.   If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

8

**13.   Government's Reservation of Rights.**   The defendant understands that the United

States expressly reserves the right in this case to:

> a.   oppose or take issue with any position advanced by defendant, or anyone on behalf of the defendant, at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

> b.   comment on the evidence supporting the charges in the indictment;

> c.   oppose any arguments and requests for relief the defendant, or anyone on defendant's behalf, might advance on an authorized appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

> d.   oppose any post-conviction motions for reduction of sentence, or other relief.

**14.   Waiver of Constitutional Rights.**   The defendant, by pleading guilty,

acknowledges that defendant has been advised of, understands, and knowingly and voluntarily

waives the following rights:

> a.   the right to plead not guilty and to persist in a plea of not guilty;

> b.   the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

> c.   the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

> d.   the right to confront and cross-examine the witnesses who testify against the defendant;

> e.   the right to compel or subpoena witnesses to appear on defendant's behalf; and

> f.   the right to remain silent at trial, in which case that silence may not be used against defendant.

The defendant understands that by pleading guilty, he waives or gives up those rights and

that there will be no trial.   The defendant further understands that if he pleads guilty, the Court

may ask questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, those answers may later be used against defendant in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that by his *unconditional* plea of guilty pursuant to this plea agreement he waives the right to appeal or collaterally attack a finding of guilt or denial of a motion to withdraw his guilty plea following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) the Court imposing a sentence *other than* the sentence set out in this binding plea agreement.

b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground **except** the following four (4) claims: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) an illegal sentence, or; (4) that the Court imposed a sentence *other than* the one set out in this binding plea agreement. An "illegal sentence" is a sentence imposed in excess of the statutory maximum or different from that set out in this binding plea agreement, but is *not* a misapplication of the Sentencing Guidelines or an abuse of discretion. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C.§ 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant states an understanding of and agrees to the following financial obligations:

a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine or costs.

b. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until the defendant has satisfied the

restitution or fine or costs order in full.

c.   Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit   (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office.   The defendant understands that compliance with these requests will be taken into account when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

d.   At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets, restitution, fines, or costs.

e.   The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

f.   The defendant understands that a Special Assessment will be imposed as part of the sentence in this case.   The defendant promises to pay the Special Assessment of **$200.00** by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case.   The defendant agrees to provide the Clerk's receipt as evidence of fulfillment of this obligation at the time of sentencing.

g.   The defendant certifies that no transfer of assets or property has been made for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations.   Moreover, the defendant promises that no such transfers will be made in the future.

h.   In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets.   The defendant agrees not to contest any collection of such assets.   In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17.  **Waiver of FOIA Request.**   The defendant waives any and all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.  **Waiver of Claim for Attorney's Fees.**   The defendant waives any and all claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19.  **Defendant Will Surrender to Custody at the Plea.**   The defendant understands that the crime to which he is pleading is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.   Accordingly, pursuant to 18 U.S.C. § 3143(a)(2), the Court must detain the defendant after he pleads guilty to the offense. The defendant hereby agrees not to contest his detention immediately after the guilty plea, and to surrender to the custody of the U.S. Marshals at that time, if he is not already in custody, and to make no effort to be released from U.S. Marshal custody at any time prior to his transfer to the Bureau of Prisons for execution of his sentence or the completion of his incarceration sentence if not so transferred.

20.  **Defendant's Breach of Plea Agreement.**   If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement.   The defendant, however, will remain

bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty.

The defendant also understands and agrees that in the event this plea agreement is violated, all statements made by the defendant to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against defendant in any and all criminal proceedings. The defendant waives any and all rights under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant subsequent to this plea agreement.

21. **<u>Defendant's Representations</u>.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, or any written supplemental agreement that might be presented to the Court in camera, have been made by the United States, the Court, his attorneys or any other party to induce him to enter this plea of guilty.

22. **<u>No Undisclosed Terms</u>.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

13

23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

Tammy Dickinson
United States Attorney

Dated:  May 24, 2016                    /s/Bruce Rhoades_____
                                        Bruce Rhoades
                                        Assistant United States Attorney

        I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines and any statutory minimums. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated:  May 24, 2016                    /s/David A. Bell_____
                                        David A. Bell
                                        Defendant

        I am defendant David A. Bell's attorney. I have fully explained his rights with respect to the offenses charged in the indictment. Further, I have reviewed with him the provisions of the Sentencing Guidelines and statutory minimum sentences which might apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, David A. Bell's decision to enter into this plea agreement is an informed and voluntary one.

Dated:  May 24, 2016                    /s/David H. Johnson_____
                                        David H. Johnson
                                        Attorney for Defendant

14